IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK12-40353-TJM |
| ) | A12-04046-TJM |
| GARY LEE CARMAN ) | |
| ) | CH. 7 |
| Debtor. ) | |
| CHRISTINE CARMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GARY LEE CARMAN, ) | |
| ) | |
| Defendant and Counter-Claimant. ) | |

ORDER

Trial was held in Lincoln, Nebraska, on December 18, 2012, regarding Fil. #1, Complaint, filed by Christine Carman; Fil. #13, Amended Motion for Sanctions, filed by Gary Lee Carman, and Fil. #23, Motion for Summary Judgment, filed by Christine Carman. Todd V. Elsbernd appeared for the Plaintiff and Vikki S. Stamm appeared for Gary Lee Carman. Documentary evidence was offered and received and oral arguments were made by counsel.

The Debtor's obligations to his former spouse, the Plaintiff, were deemed non-dischargeable in a prior bankruptcy. A judgment was entered in state court for the amount of the debt, including attorney fees and accruing interest. For bankruptcy purposes, the judgment represents a domestic support obligation and is not dischargeable in this Chapter 7 case, just as it was in the prior case.

Prior to this bankruptcy case being filed, Debtor was found in contempt of court and was required to pay a certain amount each month to purge the contempt. He filed the bankruptcy case in February of 2012 and stopped paying on the purge order. The Plaintiff had notice of the bankruptcy case, but when she had not received payment pursuant to the purge order, she requested the state court judge to issue a bench warrant for Debtor's arrest. That was in May 2012. The warrant was served in July 2012 and Debtor was arrested and spent one night in jail. In the meantime, in June 2012 Debtor received a discharge of all debts but those represented by the judgment, and the bankruptcy case was closed.

This adversary case was filed prior to the bankruptcy case being closed. It requested a determination that the judgment debt was non-dischargeable.

After the arrest, the Debtor filed a motion for sanctions for violation of the automatic stay.

Although requesting the bench warrant without obtaining relief from the automatic stay was improper, the stay expired on June 19, 2012, prior to any action being taken against Debtor by law enforcement officers. From and after June 19, 2012, Plaintiff had the right to seek the warrant for

Debtor's failure to obey the purge order. The judgment debt is non-dischargeable and so enforcement of the purge order did not impair any of Debtor's rights and no sanctions will be imposed.

IT IS ORDERED that the motion for summary judgment is moot, the Amended Motion for Sanctions, Fil. #13, is denied, and the state court judgment is not discharged.

DATED:    February 13, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Todd V. Elsbernd
    Vikki S. Stamm
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.